UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JAMES WATSON,

     Plaintiff,

v.

GIORDANOS OF LAKE BUENA VISTA, LLC
and VPC PIZZA MANAGEMENT, LLC
d/b/a GIORDANO'S

     Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff James Watson ("Plaintiff") hereby sues Defendant Giordanos of Lake Buena Vista, LLC and Defendant VPC Pizza Management, LLC doing business as Giordano's ("Defendant"), for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1.     Venue lies in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3.      Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.      Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. He brings this action against Defendants for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5.      Plaintiff is also an advocate of the rights of similarly situated disabled

persons and is a "tester" for the purpose of asserting his civil rights. As such, he monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.    The Giordano's pizzeria restaurant is a pizzeria restaurant located in Lake Buena Vista at 12151 South Apopka Vineland Road, Orlando, Florida 32836 and because it is open to the public it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant Lake Buena Vista's Giordano's pizzeria restaurant is referenced herein as "Giordano's Lake Buena Vista pizzeria (restaurant)."

7.    Defendant Giordanos of Lake Buena Vista, LLC (also referenced as "Defendant Lake Buena Vista" or collectively with Defendant VPC Pizza Management, LLC as "Defendants") is a Florida limited liability company which is the owner/operator of the Giordano's Lake Buena Vista pizzeria restaurant. On information and belief, Defendant Lake Buena Vista is the franchisee of the Giordano's Lake Buena Vista pizzeria. Since the Giordano's Lake Buena Vista pizzeria is open to the public, Defendant Lake Buena Vista is defined as a "Public Accommodation" within meaning of Title III because Defendant Lake Buena Vista is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R.

§36.104(2).

8.     Defendant VPC Pizza Management, LLC is a Delaware limited liability company which is owned by the private equity firm Victory Park Capital Advisors LLC. Defendant VPC Pizza Management, LLC is also referenced as "Defendant Pizza Management" or collectively with Defendant Lake Buena Vista as "Defendants." Defendant Pizza Management is the owner of the Giordano's brand pizzeria chain that specializes in Chicago-style stuffed pizza. The Giordano's pizzeria chain consists of corporate owned and franchised Giordano's pizzeria restaurants. There are sixty-five Giordano's pizzeria brand restaurant locations in Arizona, Colorado, Florida, Indiana, Iowa, Minnesota, Ohio, Nevada, and Wisconsin. All Giordano's pizzeria restaurants are open to the public; therefore they are all Places of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). The Giordano's pizzeria restaurants are referenced throughout as "place(s) of public accommodation," "Giordano's pizzeria(s) restaurants," or "restaurant(s)."

9.     There are three Giordano's brand pizzeria restaurants operating within this district[1] as follows:

•     "Giordano's" located in Lake Buena Vista at 12151 South Apopka

---

[1] Osceola and Orange counties

Vineland Road, Orlando, Florida 32836 (which is the subject of this action and is owned by Defendant Lake Buena Vista);

- • "Giordano's" located in Kissimmee at 7866 West Irlo Bronson Memorial Highway, Kissimmee, Florida 34747 (owned by Giordano's of Kissimmee LLC);

- • "Giordano's" in Sand Lake located at 6203 A1 West Sand Lake Road, Orlando, Florida 332819 (owned by Sand Lake Pizzeria LLC dba Giordano's Sand Lake).

10. Defendant Pizza Management is the owner of the https://giordanos.com mobile website[2]. Subsequent to the effective date of the ADA, Defendant Pizza Management constructed, or caused to be constructed, the https://giordanos.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to the Giordano's Lake Buena Vista pizzeria as well as all Giordano's pizzeria restaurants. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of Giordano's pizzeria physical locations, and specifically the Giordano's Lake Buena Vista pizzeria.

11. The mobile website is offered by Defendants as a way for the public to

---

[2] See the privacy section of the mobile website

become familiar with Giordano's pizzeria menu selections, as well as information on hours of operation, pizzeria restaurant locations (and specifically the Giordano's Lake Buena Vista pizzeria), provides a link to reserve a table for dining within Giordano's restaurants (specifically the Giordano's Lake Buena Vista pizzeria), permits the public to sign up for the "G-Club" (which is a customer rewards program) and provides other information Defendants seek to communicate to the public. The mobile website also enables the public/patrons to purchase and ship frozen Giordano's signature stuffed pizzas to their homes and the ability for the public to purchase gift cards for exclusive use in Giordano's pizzerias (and to check the balance on purchased gift cards). The mobile website also permits the public to order Giordano's freshly made food/pizzas online and have the food/pizzas delivered to one's home or ready for pick up at Giordano's pizzeria restaurant physical locations (specifically the Giordano's Lake Buena Vista pizzeria) and offers the public the ability to inquire about catering from Giordano's pizzeria locations. By the provision of menu selection, reservation services, to-go and delivery order selection, and the ability to purchase Giordano's brand frozen pizzas and gift cards online, the mobile website is an integral part of the goods and services offered by Defendant Pizza Management on behalf of all Giordano's pizzeria restaurant locations, and by Defendant Lake Buena Vista as related to its Giordano's Lake Buena Vista pizzeria location. By this nexus, the mobile website is characterized as

a Place of Public Accommodation subject to Title III of the ADA[3], 42 U.S.C. §§

12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

12.    As the owner of the https://giordanos.com mobile website (which is a

Place of Public Accommodation), Defendant Pizza Management is defined as a

"Public Accommodation" within meaning of Title III under 42 U.S.C.

§§12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

13.    The https://giordanos.com mobile website allows mobile device users

to use a mobile platform through a connection to Wi-Fi or cellular data so that users

can manage their dining choice from their mobile device.  Defendants have subjected

themselves to the ADA because the mobile website is offered as a tool to promote,

advertise and sell its products and services from each of the Giordano's pizzeria

restaurant locations and specifically Defendant Lake Buena Vista's Giordano's Lake

Buena Vista pizzeria. As a result, the mobile website must interact with Giordano's

pizzerias and the public, and in doing so must comply with the ADA, which means

it must not discriminate against individuals with disabilities and may not deny full

---

[3] "The Department of Justice has long taken the position that both State and local government
Websites and the websites of private entities that are public accommodations are covered by the
ADA. In other words, the websites of entities covered by both Title II and Title III of the statute
are required by law to ensure that their sites are fully accessible to individuals with disabilities."
(See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights
Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions
United States Senate – Concerning The Promise of Accessible Technology: Challenges and
Opportunities – Presented on February 7, 2012.

and equal enjoyment of the goods and services afforded to the general public.[4]

14.     The mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

15.     Like the seeing community, Plaintiff would like the opportunity to be able to use the mobile website to comprehend Giordano's pizzeria menu selections and to test for the ability to make reservations, order food online for delivery and pickup at the various restaurant locations, inquire about catering, sign up for the Giordano's G-Club, and to purchase Giordano's brand frozen pizza and gift cards online. However, unless Defendants are required to eliminate the access barriers at issue and required to change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

16.     Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

---

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

17.     Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to its mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

18.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendants' discriminatory practices.

19.     Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

20.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21.     The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

22.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

23.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

24.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

25.     The https://giordanos.com mobile website has been designed to integrate with Giordano's pizzeria restaurants through the provision of a reservation service, the ability to inquire about catering online, the ability to order fresh Giordano's signature pizzas online for pick up or delivery, and the provision of an

on-line store from which to purchase frozen stuffed pizza and gift cards or use within Giordano's pizzeria restaurants; therefore, the mobile website is an extension of each Giordano's pizzeria restaurant (and specifically the Giordano's Lake Buena Vista pizzeria), each of which is a Place of Public Accommodation. By and through the mobile website, Defendants extend Giordano's pizzeria restaurants into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Giordano's pizzeria restaurants. As such, the mobile website is integrated with, and is a nexus to, each Giordano's pizzeria brick-and-mortar restaurant location, and specifically the Giordano's Lake Buena Vista pizzeria (as well as the other two Giordano's pizzeria restaurants located within this district). Therefore, it is governed by the following provisions:

a.       U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.       42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual,

licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

      c.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

      d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.    42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of

the individual."

   f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

   g. 42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

   h. 42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

  26. Plaintiff attempted to access and test the mobile website, but was unable to do so. Plaintiff continues to be unable to enjoy full and equal access to the mobile

website and/or understand the content therein because numerous portions of the
mobile website do not interface with mobile VoiceOver screen reader software.
Specifically, features of the mobile website that are inaccessible to VoiceOver screen
reader software users include, but are not limited to, the following (citing the WCAG
2.1 Level A and AA Guidelines):

i.  Guideline 1.1.1 Non-Text Content is violated. Text alternatives for non-text
    content should be provided, and this is not the case. Icons are used to denote
    Gluten Free, Vegan, Signature and Vegetarian menu (dish) selections, but the
    icons are not announced. For example, mobile VoiceOver screen reader
    software users do not hear which menu selections are Gluten Free.
    Additionally, mobile VoiceOver screen reader software users cannot hear any
    of the dish types because only the icons are shown for each menu selection
    and they are not announced.

ii. Guideline 1.3.1 Info and Relationships is violated. Accessibility issues are
    present in the PDF menu. For example, the *Nutrition* PDF is not accessible.
    When a mobile VoiceOver screen reader software user swipes to one of the
    table cells, multiple cells are announced at once without reference to the
    header or row labels.

iii. Guideline 1.3.2 Meaningful Sequence is violated. Focus skips to disparate
    parts of the menu without reason throughout the mobile website. Focus on the
    *Menu* PDF is not sequential which makes comprehension exceedingly
    difficult for mobile VoiceOver screen reader software users. For example,
    after the footer info is announced, focus then skips back up to the first page
    and announces "with chicken and broccoli."

iv. Guideline 2.4.4 Link purpose (in context) is violated, and unlabeled links are
    present.  For example, the *Click here so we can start one for you* ordering link
    is not labeled and is only announced as "slash link."

v.  Guideline 2.4.6 Headings and Labels is violated. The mobile website has not
    made headings and labels clear as required. The *main menu* icon is not labeled
    so mobile VoiceOver screen reader software users are not aware of this
    element and may not be able to find any of the menu/submenu links.

vi.   Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. Content on the homepage slider is not announced to mobile VoiceOver screen reader software users. For example, when a mobile VoiceOver screen reader software user swipes to the slide with the *Order, Locate, Ship, and Free Appetizer* button, the mobile VoiceOver screen reader software user will only hear the *next* and *previous* buttons. Focus does not move to the slider and the content in the slider is not announced. Each time a mobile VoiceOver screen reader software user advances to a new slide, they do not hear that a new slide is present and only the navigation buttons are announced.

27.   As the owner, operator, and/or beneficiary of the mobile website which exclusively serves as a gateway to Giordano's pizzeria restaurants, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within Giordano's pizzeria restaurant locations (and specifically the Lake Buena Vista location) and to purchase frozen pizzas and gift cards online and have those purchases delivered to their homes.

28.   With respect to its mobile website, Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 26) either directly or through contractual, licensing or other arrangements. Defendants' violations have resulted in denying Plaintiff accommodation on the

basis of his disability:

      a.     by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

      b.     in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

      c.     in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

      d.     by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

      e.     by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

      f.     notwithstanding the existence of separate or different programs

or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

g.   by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

h.   by a failure to take such steps as may be necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. §12182(b)(2)(iii)).

29.   Plaintiff is continuously aware of the violations within the https://giordanos.com mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

30.     Plaintiff is well aware that the ADA requires effective communications. However, long after the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because he is disabled.  As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within the https://giordanos.com mobile website. By continuing to operate the mobile website with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

31.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

32.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to the https://giordanos.com mobile website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants when he visits the mobile website to test for compliance with the ADA. Plaintiff desires to access the mobile website to assure himself that the mobile website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

33.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief as requested herein.

34.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter the https://giordanos.com mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Giordanos of Lake Buena Vista, LLC and Defendant VPC Pizza Management, LLC and requests the following injunctive and declaratory relief:

a.     The Court issue a Declaratory Judgment that determines that the

https://giordanos.com mobile website is in violation of Title III of the
Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.;

b.    The Court issue a Declaratory Judgment that Defendants have violated
the ADA by failing to monitor and maintain the mobile website to
ensure that it is readily accessible to and usable by persons with vision
impairment;

c.    The Court issue an Order directing Defendants to alter the mobile
website to make it accessible to, and useable by, individuals with
disabilities to the full extent required by Title III of the ADA;

d.    The Court issue an Order directing Defendants provide the appropriate
auxiliary aids such that individuals with visual impairments will be able
to effectively communicate with the https://giordanos.com mobile
website in order to comprehend Giordano's pizzeria menu selections,
ordering/paying for to-go and pick-up of Giordano's freshly made
signature pizzas, ordering/paying for  Giordano's gift cards and frozen
stuffed pizzas, for making reservations to dine within Giordano's
pizzeria restaurants (specifically the Giordano's Lake Buena Vista
pizzeria), and for signing up for the Giordano's G-Club customer
rewards program, and during that time period prior to the mobile
website's being designed to permit individuals with visual impairments

to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e.  The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f.  The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.  The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 27, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*

J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*